In the Matter of BENJAMIN MARTIN, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Albany County, March 5, 1945.

*Joseph J. Hammer* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Herman F. Nehlsen, Sidney Tartikoff* and *Herbert A. Einhorn* of counsel), for respondent.

RUSSELL, J. Upon the return of an order to show cause petitioner applies for an order directing a review, under article 78 of the Civil Practice Act, of the determination of the State Department of Education and the Board of Regents of the University of the State of New York, and further in said petition seeks for a vacation and setting aside of the order suspending petitioner's license to practice pharmacy for one year.

It appears that the petitioner was indicted on five counts for the sale of narcotics in violation of the Internal Revenue Code of the United States (U. S. Code, tit. 26, § 2550 *et seq.*) and upon said indictment pleaded guilty in the United States District Court.

The petitioner was convicted not only of a felony under the Federal law, but also of a felony under the laws of the State of New York as set forth in section 1751 of the Penal Law. Petitioner was thereafter served with charges pursuant to section 1368 of the Education Law of the State of New York. Upon said charges a hearing was held before a subcommittee of the State Board of Pharmacy. The petitioner was adjudged guilty of the charges preferred against him and said subcommittee recommended to the full Board of Pharmacy that petitioner's license to practice pharmacy be suspended for one year. The Board of Pharmacy accepted the recommendation of the subcommittee on the 26th day of June, 1944, and transmitted to the Board of Regents their recommendation. Before the Board of Pharmacy, where the hearing was held, the petitioner admitted he had been convicted of the charges against him.

On the 13th of September, 1944, a hearing was held before a subcommittee of the Board of Regents and thereafter on the

15th day of September, 1944, the Board of Regents voted to suspend the petitioner's license for one year. Following the action of the Board of Regents, the Commissioner of Education signed an order dated the 19th day of September, 1944, suspending the license of the petitioner to practice pharmacy in the State of New York for one year from the date of the service of said order.

The petitioner seeks a review of the determination of the Board of Pharmacy and the Board of Regents on the following grounds: (a) the subcommittee used and referred to the confidential reports of the Federal Bureau of Narcotics relating to petitioner, despite the fact that these reports were not offered in evidence by the attorney for the respondent or otherwise made a part of the record before the subcommittee; and (b) the attorney for the respondent was present and participated in the deliberations of the subcommittee after the hearing was closed and without the petitioner or his attorney being present.

Subdivision 1 of section 1368 of the Education Law provides in part as follows: " Any license or certificate obtained by misrepresentation or fraud or that is held by anyone convicted of a felony or gross immorality or by anyone unfit or incompetent from negligence, habits or other cause may be revoked or suspended after reasonable notice and an opportunity to be heard.''

The only matter left for the Board of Pharmacy and in turn the Board of Regents to pass upon was the measure of discipline.

In view of the petitioner's admission of guilt the Federal reports which were considered were evidently for the purpose of determining the extent of discipline which should be meted out to the petitioner. The boards before which hearings were held in this matter had the right to consider the reports in order to fix punishment, even though they were outside of the evidence. (*Matter of Greenebaum* v. *Bingham,* 201 N. Y. 343, 347.)

Although the Assistant Attorney-General was present during the deliberation of the subcommittee after the hearings were held, nevertheless, he denies that the subcommittee consulted with him with a view to determine the discipline to be imposed. There appears to be no evidence offered by the petitioner to the effect that the subcommittee did in fact consult with the Assistant Attorney-General in arriving at the measure of discipline to be imposed. Even in view of the fact that the Assistant Attorney-General denies that he took any part in

the deliberation of the subcommittee, still I am of the opinion that if called upon by an official bureau or agency of the State to render legal assistance and advice it would be his duty to do so pursuant to subdivision 1 of section 62 of the Executive Law of the State of New York.

Having considered the petition and answering papers, it is my opinion that the petitioner's rights were not violated to his prejudice and that he was not deprived of a fair hearing.

The application of the petitioner is, therefore, denied.

Submit order.